# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLU VICTOR ALONGE,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI VICTORVILLE II,<br><br>　　　　　　Respondent. | Case No. 5:24-cv-1755-KK-RAO<br><br>ORDER SUMMARILY<br>DISMISSING PETITION |

　　　　On August 16, 2024, Petitioner Olu Victor Alonge ("Petitioner"), a then-federal inmate in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI") in Victorville, California, and proceeding *pro se,* filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 ("Petition"). (Dkt. No. 1 ("Pet.").) The Petition claims that the BOP is improperly holding Petitioner at FCI Victorville even though he is eligible for release to a residential reentry center ("RRC") based on earned First Step Act ("FSA") credits. (Pet. at 5.) Petitioner alleges the BOP is refusing to release him based on an immigration detainer. (*Id.* at 3–7.)

　　　　On November 1, 2024, Petitioner filed a Motion to Declare Habeas Petition Moot. (Dkt. No. 22.) In his motion, Petitioner stated that the BOP informed him of his prerelease date to residential reentry, and consequently, asked the Court to dismiss

the Petition as moot. (*Id.*)

On November 8, 2024, Respondent filed a Motion to Dismiss the Petition, concurring with Petitioner that the Petition is now moot and asking the Court to dismiss this action. (Dkt. No. 24.) Subsequent to Respondent filing its motion, Petitioner filed two emergency requests seeking an expedited hearing on Petitioner's unlawful detention. (Dkt. Nos. 25, 27.) Based on these emergency filings, the Court issued an order on November 15, 2024, denying Petitioner's request to deem the Petition as moot and also denying Respondent's motion to dismiss on the grounds of mootness. (Dkt. No. 29.)

On November 22, 2024, Petitioner filed a Motion to Hold Respondent Accountable for Promise to Fast Track Transfer to Pre-Release Custody. (Dkt. No. 32.) Respondent filed its Opposition on November 25, 2024. (Dkt. No. 30.) Petitioner filed his Reply on December 5, 2024, and an Addendum to his Reply on December 12, 2024. (Dkt. Nos. 34–35.)

On January 10, 2025, Petitioner filed an Emergency Notice to the Court. (Dkt. No. 36.) Petitioner stated that he had been issued a flight itinerary by BOP, but was then informed by his case manager that, due to a "lack of supervised release," he would not be released to an RRC. (*Id.* at 2.)

On January 13, 2025, Petitioner sent an email to the Court. (Dkt. No. 38.) Petitioner's email stated that he had been released from BOP custody. (*Id.*) On January 14, 2025, Respondent filed a Motion to Dismiss on the grounds that the Petition is now moot because Petitioner has been released and is currently under the supervision of the BOP Residential Reentry Management office in Atlanta, Georgia. (Dkt. No. 39.) Lastly, a check of publicly available records shows that Petitioner is located in a residential reentry program in Atlanta, Georgia. *See Find an Inmate*, Fed. Bureau of Prisons (last visited Jan. 17, 2025), https://www.bop.gov/inmateloc/.

For the following reasons, the Court dismisses the Petition as moot.

///

A federal court's jurisdiction is limited to actual cases or live controversies. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "[W]hen an administrative agency has performed the action sought by a plaintiff in litigation, a federal court 'lacks the ability to grant effective relief,' and the claim is moot." *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)); *see also Arthur v. Milunsic*, No. CV 12-10404, 2013 WL 1890335, at *1 (C.D. Cal. Mar. 22, 2013).

In bringing this action, Petitioner sought release to an RRC based on his earned FSA time credits. Since the filing of the Petition, Petitioner has been placed in a residential reentry program. Because he has obtained the relief he sought by initiating this action—namely, release from BOP custody—the matter no longer involves a "live controversy." *See Farnsworth v. Tewes*, No. EDCV 15-02407, 2016 WL 1253382, at *2 (C.D. Cal. Feb. 18, 2016) (citing *Kittel v. Thomas*, 620 F.3d 949, 951–52 (9th Cir. 2010) (denying petitioner's request for a protective ruling in the event the government raises an argument adverse to petitioner's claim at a later date because the case no longer involved a "live controversy," rendering the petition moot)). Accordingly, the Petition is moot.

For the foregoing reasons, the Petition is dismissed without prejudice. All pending motions are denied as moot.

DATED: January 21, 2025

_____
KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE